United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **United States of America,** | ) ) ) ) | |
| v. | ) ) ) | |
| **Armando Chavez,** | ) ) | Criminal Action No. 11-10417-NMG-1 |
| Defendant. | ) ) ) ) | |

**MEMORANDUM & ORDER**

GORTON, J.

Pending before the Court are the motions of defendant Armando Meras Chavez ("Chavez" or "defendant"), who appears pro se, for reconsideration and resentencing pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 563) and for compassionate release pursuant to § 3582(c)(1)(A) (Docket No. 364). Chavez is currently incarcerated at FCI McDowell in West Virginia, having been convicted of and sentenced for operating a large-scale, international cocaine and heroin distribution organization. His projected date of release is in May, 2025.

I. **Background**

In November, 2015, Chavez pled guilty to Counts I and III of a three-count superseding indictment charging him with

- 1 -

conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and one kilogram or more of heroin in violation of 21 U.S.C. § 846 (Count I) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count III). The superseding indictment was the result of a lengthy investigation by the Drug Enforcement Administration into an international cocaine and heroin distribution organization of which Chavez was the leader.

At the time of defendant's sentencing in May, 2016, Count I carried a mandatory minimum sentence of 10 years imprisonment. Based on his offense conduct, his criminal history and his acceptance of responsibility, the advisory guideline sentencing range for defendant was 210-262 months of incarceration. Upon consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), this Court ultimately sentenced defendant to 180 months in prison.

Soon thereafter, defendant appealed his conviction and sentence to the First Circuit Court of Appeals ("the First Circuit"). By summary disposition, the First Circuit affirmed the judgment of this Court in March, 2018.

Defendant now moves to reduce his current sentence, contending that the (below guideline) term of imprisonment imposed by this Court is "disproportionately severe" and that

his alleged post-conviction rehabilitation and the unspecified challenges faced by his family due to his incarceration and the COVID-19 pandemic warrant the reduction. The government disagrees and urges this Court to deny defendant's motions.

## II. Motion for Compassionate Release

### A. Legal Standard

In general, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One narrow exception to that rule is set forth in § 3582(c)(1)(A) which provides that a court may reduce a defendant's term of imprisonment only if, after considering the factors laid out in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. The modification may be made upon a defendant's motion only after defendant has fully exhausted his administrative remedies. § 3582(c)(1)(A).

Pursuant to § 3582(c)(2), a court may also modify a term of imprisonment if, after sentencing, the applicable sentencing guideline range has been lowered by the Sentencing Commission. Even if all other § 3582(c) requirements are satisfied, however, a court should modify or reduce a term of imprisonment only if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Here, Chavez is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A) because he has demonstrated no "extraordinary and compelling" reason warranting his release. In fact, the only reasons proffered by defendant are his purported rehabilitation and good conduct while in custody and the unspecified challenges faced by his family due to his incarceration and COVID-19.  He has not, however, shown how those reasons are either extraordinary or compelling. See United States v. Pereira, 272 F.3d 76, 82 (1st Cir. 2001) ("[I]t is the unfortunate norm that innocent family members suffer considerable hardship when a relative is incarcerated.").

Defendant is likewise not entitled to a reduction of his sentence pursuant to § 3582(c)(2) because his below-guideline sentence is not "disproportionately severe", nor has there been any relevant change to the applicable sentencing guideline range since sentence was imposed in this case.  Under both the 2015 Guidelines Manual and the now-operative 2018 version, defendant's total offense level is 37, his criminal history category is I and the advisory guideline sentencing range remains 210-262 months.

In any event, the totality of the circumstances, including the severity of Chavez's offense, the need for just punishment

and respect for the law and the need to deter others from trafficking in significant quantities of drugs, weighs heavily against defendant's release. See § 3553(a)(1)-(2).  Accordingly, no reduction of defendant's sentence is warranted and his motions seeking one will be denied.

## ORDER

For the foregoing reasons, defendant's motions for reconsideration and resentencing (Docket No. 563) and for compassionate release (Docket No. 564) are **DENIED without prejudice**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 20, 2021